

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

DAVID GILMARTIN,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INDICTMENT

12 Cr.

**12 CRIM 287**

### COUNT ONE
(Corruptly Endeavoring to Obstruct and Impede the Due
Administration of the Internal Revenue Laws)

The Grand Jury charges:

#### Introduction

1. At all times relevant to this Indictment, DAVID GILMARTIN, the defendant, worked as an economist, providing a variety of services to employers and clients, for which he received compensation. The services provided by GILMARTIN, who has a B.A., M.A., and Ph.D. in economics, included, among others, the following: analyzing and reconstructing clinical databases for pharmaceutical companies; forecasting, for a large credit card company, potential bad debt relating to credit cards; performing profitability analyses for credit card companies; updating, for a large brokerage firm, a trading system for over-the-counter options on government securities; conducting statistical analyses for a large pharmaceutical company in connection with a new drug application; and analyzing and preparing of testimony for companies involved in various patent and anti-trust litigation.

2. Between 1989 and in or about April 2006, DAVID GILMARTIN, the defendant, was a resident of White Plains, New York, and, later, Manhattan, New York. In or about April 2006,

GILMARTIN moved to Phelan, California, located outside of Los Angeles.

### GILMARTIN's Tax Liabilities

3. For the tax years 1989 through and including 2010, DAVID GILMARTIN, the defendant, failed to file a U.S. Individual Income Tax Return ("federal tax return" or "Forms 1040") with the Internal Revenue Service ("IRS") despite having a legal obligation to file a federal tax return for each of those twenty-two years. For the tax years 1989 through and including 1995, as a result of GILMARTIN's failure to file federal tax returns, the IRS examined GILMARTIN's tax liabilities between 1992 and 2000 and assessed the following approximate amounts for the following years, which amounts the defendant failed to pay:

| TAX YEAR | AMOUNT ASSESSED |
|---|---|
| 1989 | $24,184 |
| 1990 | $26,854 |
| 1991 | $18,877 |
| 1992 | $13,987 |
| 1993 | $29,533 |
| 1994 | $14,711 |
| 1995 | $26,571 |
| 1996 | $32,683 |

4. For the tax years 1997 and 1998, not only did GILMARTIN fail to file federal tax returns with the IRS, but he also submitted various IRS forms to his employers in which he claimed falsely to be exempt from taxes, resulting in unpaid federal tax liabilities of approximately $29,900 and $9,395, respectively, for those tax years.

5. For the tax years 1999 through and including 2010, DAVID GILMARTIN's failure

2

to file federal tax returns resulted in additional tax liabilities. GILMARTIN's aggregate unpaid liabilities for the tax years 1989 through 2010, including interest and penalties, totaled in excess of $500,000.

### GILMARTIN's Corrupt Efforts to Impede the IRS

6.  Beginning in or about 1989, and continuing through the date of the filing of this Indictment, in anticipation of having to pay taxes that were assessed or would be assessed by the IRS, DAVID GILMARTIN, the defendant, executed a corrupt endeavor to impede the due administration of the IRS by attempting to evade the assessment and payment of personal income taxes that he owed for the calendar years 1989 through 2010. GILMARTIN used various means to carry out his corrupt endeavor, including, among others:

(a) failing to file Forms 1040 for the tax years 1989 through and including 2010;

(b) failing to pay his federal income tax liabilities for various tax years;

(c) submitting IRS forms to certain employers in which he falsely and fraudulently claimed to be exempt from taxes, in order to cause the employers not to withhold taxes;

(d) providing to an employer, on behalf of himself, a social security number for someone other than DAVID GILMARTIN;

(e) refusing to provide an employer with his Social Security number, citing a purported "religious objection," in an attempt to prevent the employer from withholding taxes;

(f) causing checks paid to him as compensation to be made payable to a finance company, in order to pay down a personal line of credit and to prevent the IRS from seizing, pursuant to bank levies, the funds paid to him as compensation;

(g) causing checks that were paid to him as compensation to be cashed against

a personal bank account rather than be deposited;

(h) causing checks paid to him as compensation to be endorsed directly to a bank rather than deposited in a personal bank account, in order to pay outstanding balances on GILMARTIN's credit card with that bank and to prevent the IRS from seizing, pursuant to bank levies, the funds paid to him as compensation; and

(i) causing checks paid to him as compensation to be made payable to "Consulting Economist Inc," even though GILMARTIN never caused that entity either to be duly incorporated or to obtain a tax identification number from the IRS.

### Statutory Allegations

7. The allegations in paragraphs 1 through 6 of this Indictment are repeated and realleged as though fully set forth herein.

8. From in or about 1989 and continuing through the date of the filing of this Indictment, in the Southern District of New York and elsewhere, DAVID GILMARTIN, the defendant, did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above in sub-paragraphs 6(a) through 6(i), the due administration of the Internal Revenue Laws.

(Title 26, United States Code, Section 7212(a).)

### COUNT TWO
(Evasion of Payment of Income Taxes)

The Grand Jury further charges:

9. Paragraphs 1 through 6 of this indictment are realleged and incorporated by reference as though fully set forth herein.

10. From in or about 1989 and continuing up to and including the date of this Indictment,

4

in the Southern District of New York and elsewhere, DAVID GILMARTIN, the defendant, knowingly and willfully did attempt to evade and defeat the payment of a substantial part of the income tax due and owing by him to the United States of America for the calendar years 1989 through 2010, in an amount in excess of $500,000, by various means, including, among others, those set forth above in sub-paragraphs 6(a) through 6(i).

(Title 26, United States Code, Section 7201.)

## COUNT THREE
(Failure to File a U.S. Individual Income Tax — 2005 Tax Year)

The Grand Jury further charges:

11. Paragraphs 1 through 6 of this indictment are realleged and incorporated by reference as though fully set forth herein.

12. On or about April 17, 2006, in the Southern District of New York and elsewhere, DAVID GILMARTIN, the defendant, knowingly and willfully did fail to make an income tax return for the 2005 tax year, to the Internal Revenue Service or to any other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled, whereas, as DAVID GILMARTIN, the defendant, then and there well knew, he had gross income of in excess of $115,000 for the 2005 tax year, and, by reason of such income, he was required by law following the close of said year, and on or before April 17, 2006, to make said income tax return to the Internal Revenue Service or to said proper officer.

(Title 26, United States Code, Section 7203.)

## COUNT FOUR
(Failure to Pay Tax — 2005 Tax Year)

The Grand Jury further charges:

13. Paragraphs 1 through 6 of this indictment are realleged and incorporated by reference as though fully set forth herein.

14. From on or about April 15, 2005 through on or about April 17, 2006, in the Southern District of New York and elsewhere, DAVID GILMARTIN, the defendant, knowingly and willfully did fail to pay, at the time and times required by law and regulation, the income tax due for the calendar year 2005, to the Internal Revenue Service or to any other proper officer of the United States, whereas, as DAVID GILMARTIN, the defendant, then and there well knew, he had taxable income in excess of $100,000 for the 2005 tax year, on which taxable income there was due and owing to the United States of America a substantial income tax, which income tax he was required to pay, at the time and times required by law and regulation, to the Internal Revenue Service or to said proper officer.

(Title 26, United States Code, Section 7203.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

DAVID GILMARTIN,

Defendant.

INDICTMENT

12 Cr. _____  (_____)

(Title 26, United States Code,
Sections 7212(a), 7201, and 7203.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

4/11/12 - Filed Indictment. Sealed Arrest Warrants filed.

Judge Francis
U.S.M.J.