UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    -v-                                             :

                                                           S 12 Cr. 287 (MGC)
DAVID GILMARTIN,                    :

        Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS**


                                                                      PREET BHARARA
                                                                      United States Attorney for the Southern
                                                                      District of New York
                                                                      Attorney for the United States of America

**STANLEY J. OKULA, JR.,
NANETTE L. DAVIS,
Assistant United States Attorneys**

      – Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v- | : |
| DAVID GILMARTIN, | : |
| Defendant. | : |

S 12 Cr. 287 (MGC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS

### PRELIMINARY STATEMENT

The United States respectfully submits this memorandum in response to the motion of defendant David Gilmartin (hereinafter "Gilmartin" or "the defendant") seeking a bill of particulars. As we demonstrate below, aside from the request for particulars regarding the mailings underlying the mail fraud charge — which the Government agrees to provide — the defendant's motion should be denied.

### I. Background

The Superseding Indictment ("the Indictment") returned by the grand jury on June 25, 2012, charges the defendant with a scheme, lasting over two decades, designed to evade Gilmartin's personal income taxes and obstruct and impede the IRS from the proper ascertainment and collection of Gilmartin's tax liabilities. The Indictment spells out in detail the manner and means by which the defendant carried out the tax fraud scheme. See Indictment ¶¶ 1-6. Indeed, far from simply setting forth the elements of the offenses and the approximate dates on which those offenses were carried out — which is generally all an indictment need do — the Indictment identifies nines categories of

acts and omissions that undergird the IRS obstruction count (Count One), the tax evasion count (Count Two), and the mail fraud count (Count Three). Id. ¶¶ 6(a)-(i); 9-10 (incorporating sub-paragraphs 6(a)-(i); 15, 18 (same)). Those acts and omissions include:

- failing to file tax returns for over two decades, from 1989 to the present;

- failing to pay taxes for numerous years between 1989 and 2011, resulting in an aggregate tax liability in excess of $500,000;

- claiming falsely, in IRS forms provided to employers, to be exempt from taxes;

- providing an employer a tax identification number (a social security number) other than his own;

- causing checks paid to him as compensation to be made payable to a finance company in order to thwart IRS collection efforts;

- refusing to provide an employer with his social security number, citing a purported "religious objection" to doing so;

- causing checks that were paid to him as compensation to be cashed against his bank account rather than deposited;

- causing checks paid to him by an employer to be made payable to a nominee — "Consulting Economist Inc." — that was never incorporated and never obtained a tax identification number; and

- causing checks paid to him as compensation to be endorsed directly to a bank (rather than deposited in a personal bank account) in order to thwart IRS collection activities.

Id.

In addition to the allegations of the Indictment, the Government has provided the defendant with thousands of pages of documentary discovery, tape recordings made of the defendant and others at tax protester-type gatherings, and IRS interview reports detailing various statements made by the defendant. The documentary discovery provided to the defendant includes financial and other documents supporting the above-described acts of evasion, as well as the defendant's dealings with

the IRS and the New York State tax authorities.

## II. Governing Legal Principles

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars where necessary to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). Because a bill of particulars cannot be used as a general investigative tool for the defense or a device to compel discovery, a bill of particulars is required "only when the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). In addition, when considering requests for a bill of particulars, courts "must be cognizant of the fact that a bill of particulars confines the government's evidence at trial to the particulars furnished, [and] [t]hus the court is required to balance restricting the government's proof against protecting defendants from surprise." United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); see also id. at 817-18 (discussing balancing in context of conspiracy charge).

Due to the nature of criminal proceedings, a defendant has a right to be apprised "'of the *essential facts* of the crime for which he has been indicted.'" United States v. Sturtz, 648 F. Supp. 817, 820 (S.D.N.Y. 1986) (emphasis added) (quoting United States v. Salazar, 485 F.2d 1272, 1278 (2d Cir. 1973)); see also United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987) ("The purpose of a bill of particulars is to apprise defendants of the essential elements of the crimes with which they are charged."). If so apprised, a defendant is not entitled to obtain – through a bill of particulars – a listing of each and every act, statement, or event that the Government will prove at trial. See United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (a request for "all acts

3

in which [the defendant] participated" is improper as it "attempts to force the Government to particularize all of its evidence") (citing United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991)); United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).

In general, the Government should not be compelled to provide a bill of particulars disclosing such things as the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or the legal theories it intends to present at trial. See Torres, 901 F.2d at 234 ("acquisition of evidentiary detail" is not the function of a bill of particulars); United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (collecting cases); see also United States v. Coriaty, 99 Cr. 1251 (DAB), 2000 WL 1099920, *5 (S.D.N.Y. Aug. 7, 2000) (Government "not required to disclose the manner in which it will attempt to prove the charges . . . nor the means by which the crimes charged were committed.") (citations omitted). "That the requested information would be useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional details about its case." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989). The ultimate test is "whether the information sought is *necessary*, not whether it is *helpful*." United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994) (emphasis original), aff'd, 41 F.3d 1501 (2d Cir. 1994). Thus, it has long been settled that the purpose of the bill of particulars "is to inform the defendant as to the crime for which he must stand trial, *not* to compel disclosure of how much the government can prove and how much it cannot or to foreclose the government from using proof it may develop as the trial approaches." United States v. Malinsky, 19 F.R.D. 426, 428 (S.D.N.Y. 1956); see United States v. Bellomo, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003); see also United

States v. Ghavami, 10 Cr. 1217 (KMW), 2012 WL 2878126, *2-4 (S.D.N.Y. July 13, 2012) (bill of particulars not required where indictment in criminal tax case sets forth scheme in detail, and "particularized" discovery provided by Government identified the core transactions or events the Government intended to prove); United States v. Cowan, 3:09 Cr. 37 (KSF), 2009 WL 2613950, *5-6 (E.D. Tenn. Aug. 24, 2009) (bill of particulars not required in tax evasion case where indictment describes acts of evasion and discovery provided by Government served to apprise defendant of acts and precise nature of charges); United States v. Maga, 3:08 Cr. 166, 2009 WL 1607739, *4-5 (S.D. Ohio June 9, 2009) (bill of particulars not required where indictment in criminal tax case sets forth affirmative acts of evasion).

### III. Argument

Aside from the particulars that the Government has agreed to provide — in the form of a list identifying the mailings that the Government intends to rely on to support the mail fraud charge — the defendant is not entitled to the additional particulars he seeks.

Stated simply, the defendant's request for additional particulars amounts to nothing more than an effort to learn each and every one of the precise means by which the defendant carried out the charged offenses, and the evidentiary support for those offenses. But the authorities set forth above make plain that the Government is not required to allege, much less explain in a bill of particulars, each of the manners and means by which the charged offenses were committed. E.g., United States v. Coriaty, 2000 WL 1099920, *5 (In securities and wire fraud prosecution, "the production of four thousand documents is not so onerous as to require a bill of particulars to clarify the discovery . . . .").

Moreover, the defendant's particulars request must be viewed in the context of the allegations

5

that are already contained in the Indictment, together with the nature and the scope of the discovery provided to the defendant. This is not a case where the charges in the Indictment simply track the language of the governing statute, nor is it a case where the discovery provided to the defendant provides no assistance to the defendant in understanding the evidence and, more fundamentally, the core manner by which the offenses were carried out. On the contrary, the Indictment spells out the nature of the offenses, and the means by which the offenses were carried out, in some degree of precision. In addition, the considerable documentary discovery provides the evidentiary support for the detailed allegations in the Indictment and shows the means and manners by which the offenses were committed. In particular, the discovery includes: bank and financial documents (showing the cashing of checks and the like by Gilmartin); employment records (showing the defendant providing a false social security number to an employer, and objecting to providing another employer his social security number); IRS records (showing the defendant's filing history and his correspondence with the IRS, during which Gilmartin raised frivolous legal and other objections); tape recordings (showing the defendant attempting to obstruct the IRS); and New York State tax records (same). Given the foregoing, the defendant simply cannot establish that the Indictment and discovery fail to apprise him of the precise offenses with which he is charged. Accordingly, his motion for a bill of particulars should be denied.

**CONCLUSION**

For the reasons set forth herein, the defendant's motion for a bill of particulars should be denied.

Dated:   New York, New York
            July 30, 2012

                                  Respectfully submitted,

                                  PREET BHARARA
                                United States Attorney
                                Southern District of New York

By:    s/Stanley J. Okula. Jr.
      Stanley J. Okula, Jr.
      Nanette L. Davis
      Assistant United States Attorneys
      (212) 637-1585
      stan.okula@usdoj.gov
      (212) 637-1117
      nanette.l.davis@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on the above date.

      By:    /s/ Stanley J. Okula, Jr.
            Stanley J. Okula, Jr.
            Nanette L. Davis
            Assistant United States Attorneys
            (212) 637-1585
            stan.okula@usdoj.gov
            (212) 637-1117
            nanette.l.davis@usdoj.gov