**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA** :

**-v-** : **S 12 Cr. 287 (MGC)**

**DAVID GILMARTIN,** :

**Defendant.** :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION IN LIMINE REGARDING DEFENSE EXHIBITS**

**PREET BHARARA**
**United States Attorney for the Southern District of New York**
**Attorney for the United States of America**

**STANLEY J. OKULA, JR.,**
**NANETTE L. DAVIS,**
**Assistant United States Attorneys**

**– Of Counsel –**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA** :

**-v-** : **S 12 Cr. 287 (MGC)**

**DAVID GILMARTIN,** :

**Defendant.** :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE REGARDING DEFENSE EXHIBITS**

## PRELIMINARY STATEMENT

The United States respectfully submits this memorandum in support of its motion seeking to preclude the introduction by the defendant David Gilmartin (hereinafter "Gilmartin" or "the defendant") of certain proof at trial. In particular, the Government seeks to preclude the introduction, as physical exhibits, of certain tax protester materials and legal materials (the "Documentary Evidence") that the defendant has identified as exhibits he intends to offer at trial, and which purportedly relate to the defendant's good-faith belief that he was not violating the tax laws. As we demonstrate below, the Government's motion should be granted.

## I. Background

Defendants in tax evasion and failure-to-file cases — especially those, like Gilmartin, who are or have been associated with the tax protester movement — often seek to buttress their testimony at trial concerning their purported understanding of the tax laws by attempting to introduce different types of legal materials, including copies of statutes and regulations and Internal Revenue Service ("IRS") publications, and by offering materials generated by tax protester or anti-tax groups in

support of their positions. But while a defendant is entitled to introduce evidence bearing on his subjective good faith that he was not required to file returns or pay taxes, Cheek v. United States, 498 U.S. 192, 201-06 (1991), federal courts have routinely recognized that allowing defendants to introduce legal materials or anti-tax materials generated by tax protester advocates presents a significant danger of confusing and misleading the jury and also resulting in waste of time, thereby meriting its exclusion under Rule 403 of the Federal Rules of Evidence.

Such should be the case here, as defendant Gilmartin has identified certain documents that he claims to have relied on in connection with his failure to file tax returns and pay taxes for over two decades, and which he plans to offer into evidence at trial. Some of those materials are "tax protester" materials, such as books and memos espousing the view that the filing of tax returns is voluntary and not mandatory, and that "wages" do not constitute income under the Internal Revenue Code. See, e.g., Rendelman, "The AMTAX Guide To Internal Revenue Laws as They Pertain to Individuals," attached hereto as Exhibit A; Legal Opinion of John T. Manhire, Jr., attached hereto as Exhibit B; "Direct Tax Declaration," (by unknown author), attached hereto as Exhibit C. Other documents are excerpts or portions of the Internal Revenue Manual, the Code of Federal Regulations, and IRS publications relating to various aspects of tax administration. See, e.g., 26 C.F.R. §§ 601-602, attached hereto as Exhibit D; 36 Fed.Reg. 850, attached hereto as Exhibit E; Congressional Record excerpt from 1943, attached hereto as Exhibit F; IRS Mission Statement, attached hereto as Exhibit G.

## II. Governing Legal Principles

It is fundamental that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Moreover, even when evidence is arguably "relevant," the Court should still exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

It is also well established that "[t]he court acts as a jury's sole source of the law." United States v. Poschwatta, 829 F.2d 1477, 1483 n. 4 (9th Cir. 1987); see Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992); Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 510-12 (2d Cir. 1977). As the federal courts have routinely observed, "the law is given to the jury by the court and not introduced as evidence . . . . Obviously, it would be most confusing to the jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." Cooley v. United States, 501 F.2d 1249, 1253-54 (9th Cir. 1974); see Hygh v. Jacobs, 961 F.2d at 364 (witness, even expert, is not qualified to compete with Judge in instructing on the law); United States v. Willie, 941 F.2d 1384, 1396 (10th Cir. 1991).

## III. The Documentary Evidence Is Irrelevant and Therefore Should Be Excluded

A good-faith defense to willfulness in a failure to file case and a tax evasion case has been defined as a mistaken belief that the law did not require a defendant to file a tax return or pay taxes. Cheek v. United States, 498 U.S. at 201-06; United States v. Willie, 941 F.2d at 1396; see also United States v. Dack, 987 F.2d 1282, 1285 (7th Cir. 1993); United States v. Powell, 955 F.2d 1206, 1212 (9th Cir. 1991). Therefore, any documentary evidence or testimony as to (i) what the law

should be, (ii) the constitutionality of the law, or (iii) the validity of the law, is irrelevant and should be excluded. United States v. Kreager, 711 F.2d 6, 7 (2d Cir. 1983) (good-faith understanding may negate willfulness but good-faith disagreement with the law does not). All that is relevant is the defendant's belief as to what the law was during the time period specified in the Indictment.

## IV. The Balancing Test Required by Rule 403 Can Be Satisfied Only by Excluding the Documentary Evidence

Even if the Court were to find that the Documentary Evidence was relevant to the determination of whether the defendant had a good-faith belief that he was not required to pay taxes, such evidence should still be excluded. That is so because the balancing test required under Rule 403 can be satisfied only by excluding that evidence.

At the outset, it must be noted that the tax protester materials present many inaccurate statements of the law, including the following (each of which has been uniformly rejected by the courts as indicated below):

1. Wages are not income subject to taxes. (Rejected by United States v. Becker, 965 F.2d 383, 389 (7th Cir. 1992); United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991); United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990); United States v. Sassak, 881 F.2d 276, 281 (6th Cir. 1989); United States v. Tedder, 787 F.2d 540, 542 n.3 (10th Cir. 1986); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983); United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980); Jones v. United States, 551 F. Supp. 578, 580 (N.D.N.Y. 1982) (listing cases holding that wages are included in gross income)).

2. The filing of tax returns is voluntary, not mandatory, and cannot be criminally enforced. (Rejected by United States v. Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991); United States v. Bowers 920 F.2d 220, 222 (4th Cir. 1990); United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983); United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983); United States v. Pilcher, 672 F.2d 875, 877 (11th Cir.); United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977); United States v. Washington, 947 F. Supp. 87, 91 (S.D.N.Y. 1996)).

3. Individuals are not liable for income taxes because no section of the Internal Revenue Code makes them liable. (Rejected by United States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989) ("payment of taxes is not optional . . . and the average citizen knows that the payment of income taxes is legally required"); Fiocalora v. Comm'r, 751 F.2d 85 (2d Cir. 1984) (rejecting constitutional and statutory challenges to tax paying obligations of individual)).

4. The 16th Amendment was not properly ratified and/or does not authorize a direct, non-apportioned tax on United States citizens. (Rejected by In re Becraft, 885 F.2d 547 (9th Cir. 1985); United States v. Ward, 833 F.2d 1538 (11th Cir. 1987)).

Allowing such evidence, as well as random portions of the Internal Revenue Manual, statutes, regulations, and publications, to be put before the jury would unnecessarily confuse the jury as to the actual state of the law. It may also cause the jury to see its task as deciding which set of laws seems right, or cause confusion as to what law to apply. Needless to say, a jury could easily become confused upon being presented with evidence of two versions of the law as involving a factual issue for them to decide. Clearly, such evidence would invade the province of the Court as the sole judge of the law.

The Second Circuit, like other circuit courts, has recognized the dangers inherent in admitting documentary evidence upon which a defendant has allegedly based his beliefs regarding the tax laws. In United States v. Kraeger, 711 F.2d 6, 7-8 (2d Cir. 1983), the Second Circuit upheld the trial court's exclusion of documentary evidence (certain federal court opinions) that the defendant claimed to have relied upon in forming his good-faith beliefs about the tax laws. There, the Second Circuit explained that such evidence "is likely to confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury." Id. at 8. Similarly, in United States v. Payne, 978 F.2d 1177, 1182 (10th Cir. 1992), the court upheld the trial court's exclusion of the materials upon which the defendant allegedly relied in forming his good-

faith beliefs about the tax laws. The Payne court stated that "permitting legal materials into the jury room creates the potential for undue jury confusion concerning the governing law." Id. at 1182. Finally, Judge McMahon's opinion in United States v. O'Donnell, 02 Cr. 411 (CM), attached hereto as Exhibit H, is directly on point and consistent with Kraeger.

In O'Donnell, the defendant — like Gilmartin here — was a tax protester who claimed that he believed in good faith that he was not requited to file returns or pay taxes. The Government sought a ruling prior to trial precluding the defendant from offering tax protester materials as physical exhibits during the defense case. Relying on the Fifth Circuit's opinion in United States v. Barnett, 945 F.2d 1296 (5th Cir. 1991) — which held that the need to allow a defendant to establish his good-faith belief through reference to tax law sources and the need to avoid confusing the jury as to the actual state of the law can be "satisfied by excluding the documents themselves but allowing the defendant to testify as to their contents and effect in forming his beliefs" — Judge McMahon observed that the holding in Barnett appeared "quite sensible." Judge McMahon explained:

> [A ruling allowing testimony but excluding protester materials] neither inhibits the defendant from putting on a defense nor floods the jury with material that might well confuse them because it is at variance with the Court's legal instruction. The defendant is free to offer a justification for what might otherwise seem to the average juror as a completely irrational and unfounded belief, but the jurors do not read the documents.

United States v. O'Donnell, slip op. at 7. See also United States v. Middleton, 241 F.3d 825, 838-40 (6th Cir. 2001) (district court properly excluded numerous documents proffered by defendant, although he was permitted to testify about documents); Cooley v. United States, 501 F.2d at 1253-54 (refusing to allow introduction of IRS Training manual and excerpts from Congressional Record);

United States v. Hairston, 819 F.2d 971, 973 (10th Cir. 1987) (district court properly excluded tax protester publications and seminar materials); United States v. Latham, 754 F.2d 747, 751 (7th Cir. 1985); United States v. House, 617 F. Supp. 232, 236 (W.D. Mich. 1985), aff'd, 787 F.2d 593 (6th Cir. 1986).

In view of the dangers inherent in admitting the "tax protester" and legal materials at issue here, the Government urges the Court to follow the approach taken by Judge McMahon in O'Donnell and the vast majority of courts. Specifically, in order to guard against the dangers described above, the Court should limit the presentation of the good-faith defense to the testimony of the defendant, and the defendant's limited quotation from the materials upon which he relied.[1]

In sum, even assuming that the Documentary Evidence had some relevance to the determination of the defendant's subjective state of mind, admitting such evidence would cause undue confusion of the jurors and would invade the province of the Court as the sole source of the law. Excluding the evidence will not prevent the defendant from conveying his defenses to the jury, because he may still testify about his asserted beliefs and how he supposedly arrived at them. See United States v. Barnett, 945 F.2d at 1301; United States v. Hairston, 819 F.2d at 973; O'Donnell,

[1] United States v. Harris, 942 F.2d 1125, 1130-31 (7th Cir. 1991), does not command a different result. The decision there — which found error in the district court's exclusion of certain documentary evidence — turned on the issues of the taxability of payments received by young women from a wealthy widower "partial" to their company and is perhaps best characterized, analytically, as an offshoot of United States v. Garber, 607 F.2d 92, 99 (5th Cir. 1979) and United States v. Lankford, 955 F.2d 1545, 1550-51 (11th Cir. 1992). These latter cases represent an exception to the general rule that prohibits defense expert testimony from a person other than the criminal tax defendant as to the state of the law. The "exception" lies only where the law is either truly unsettled or conflicted. Such is not the case here, where the law at issue involves only the simplest of tax questions: whether the defendant was required to pay taxes on his income and file income tax returns. Further, Garber and Lankford have been criticized. See Harris, 942 F.2d at 1132 n.6; Burton, 737 F.2d at 443-44; United States v. Ingredient Technology Corp., 698 F.2d 88 (2d Cir. 1983).

slip op. at 7. Thus, such Documentary Evidence should be excluded.

Moreover, due to the lack of relevance and the potential to confuse the jury, this Court should also exclude any defense testimony or expert testimony purporting to show (i) what the defendant thought the law should be; (ii) the invalidity or unconstitutionality of the tax laws; and (iii) opinions regarding the tax laws or the Internal Revenue Service or its employees.

## V. Conclusion

Based on the foregoing, the United States urges the Court to grant this Motion in Limine, and to preclude the defendant from presenting the Documentary Evidence, and to preclude the defendant's testimony or expert testimony purporting to show (i) what the defendant thought the law should be; (ii) the invalidity or unconstitutionality of the tax laws; and (iii) opinions regarding the tax laws or the Internal Revenue Service or its employees.

Dated: January 2, 2013
New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: s/Stanley J. Okula, Jr.
Stanley J. Okula, Jr.
Nanette L. Davis
Assistant United States Attorneys
(212) 637-1585
stan.okula@usdoj.gov
(212) 637-1117
nanette.l.davis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on the above date.

By: s/ Stanley J. Okula, Jr.

Stanley J. Okula, Jr.
Nanette L. Davis
Assistant United States Attorneys
(212) 637-1585
stan.okula@usdoj.gov
(212) 637-1117
nanette.l.davis@usdoj.gov