UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,                  :

  - v. -                                                     :        S1 12 Cr. 287 (MGC)

DAVID GILMARTIN,                           :

                                                       :

                Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S SENTENCING MEMORANDUM


                                                  PREET BHARARA
                                                  United States Attorney for the Southern
                                                  District of New York


**STANLEY J. OKULA, JR.,**
**NANETTE L. DAVIS,**
**Assistant United States Attorneys**

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
    - v. -                                                :      S1 12 Cr. 287 (MGC)
                                                          :
DAVID GILMARTIN,                                          :
                                                          :
              Defendant.                                  :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this memorandum for the Court's consideration in connection with the sentencing of defendant David Gilmartin ("Gilmartin" or "the defendant"), which is scheduled for May 15, 2013.

### Preliminary Statement

The proof at trial demonstrated, and the information in the PSR confirms, that defendant David Gilmartin's tax misconduct spanning almost twenty years was prolonged, sustained, and egregious. He defied not only his own tax obligations, but joined an organization — the so-called "Freedom Law School" — whose aim is to perpetuate the same tax defier attitudes displayed so brazenly by Gilmartin at trial. Gilmartin's criminal conduct not only harmed the Treasury, it represents a challenge to the very rule of law itself. For these reasons and the reasons set forth more fully below, the United States respectfully urges this court to sentence the defendant to a period of incarceration within the advisory Sentencing Guideline range.

**I.      INTRODUCTION**

As the introductory comment to the tax section of the Sentencing Guidelines state:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. § 2T1.1.

Indeed, sentences consistent with the Sentencing Guidelines in tax cases are critical to deterring would-be tax cheats and necessary to keep our system of revenue collection intact. The tax system in the United States relies to a large extent on the honor system — the truthful reporting by all taxpayers. For taxpayers to be motivated to pay their fair share and file truthful returns, they need to believe that everyone else is paying their fair share and filing truthful returns. For the system to be effective, taxpayers need to believe that their neighbors, friends, and co-workers are also being truthful and paying what they owe. And, equally important, honest taxpayers need to believe and see that substantial repercussions will befall those who make the ignoble and unlawful decision to violate — or, as in this case, outright defy — their tax obligations.

## II.    RELEVANT FACTS

The facts concerning Gilmartin's offense conduct will not be repeated herein at length, as those facts were comprehensively aired at trial and are accurately set forth in the PSR. Accordingly, we are confident that, as a result of the foregoing and the submissions made by the parties, the Court is thoroughly familiar with the scope and nature of the defendant's criminal conduct.

## III.    The Objections to the PSR

The parties are in serious dispute over only two aspects of Gilmartin's Sentencing Guidelines calculation. In particular, Gilmartin contends that an upward adjustment for sophisticated means in unwarranted under U.S.S.G. § 2T1.1(b)(2). Gilmartin contends that his offense did not involve the

degree of sophistication and complexity that would warrant the "sophisticated means" adjustment. The Probation Department rejected Gilmartin's challenge, based on, among other things, Gilmartin's use of a shell entity — Consulting Economist — to receive a portion of his unreported income.

Next, the Government maintains that, based on Gilmartin's false testimony at trial, the Court should impose a two-level upward adjustment for obstruction of justice. The final PSR noted the Government's objection in this regard but left this issue for the Court's determination at sentencing. We address these Guidelines issues in turn.

### A.     Sophisticated Means

In tax offenses, the Sentencing Guidelines apply a two-level enhancement when "[t]he offense involved sophisticated means . . . ." U.S.S.G. § 2T1.1(b)(2); see also 2T1.1 Application Note 4 ("'[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense.  Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means."). In United States v. Lewis, 93 F.3d 1075 , 1084 (2d Cir. 1996), the Second Circuit made clear that the "sophisticated means" enhancement relating to tax offenses is "an offense characteristic, not a characteristic of the individual defendant." (internal quotation marks omitted).  This assertion rested in part on the government's vital interest in collecting taxes and the consequent need for a strong deterrent to the use of sophisticated tax fraud schemes that would make detection difficult and thus interfere with the process of tax collection. Id.

The use of nominee bank accounts to hide assets and transactions have been found to be "sophisticated means" warranting an enhancement. See, e.g., United States v. Anthony, 545 F.3d 60, 68 (1st Cir. 2008); United States v. Clarke, 562 F.3d 1158, 1166 (11th Cir. 2009); United States v.

Campbell, 491 F.3d 1306, 1315-16 (11th Cir. 2007). Additional evasive banking practices, such as keeping multiple bank accounts, has also been deemed to constitute sophisticated means. United States v. Middleton, 246 F.3d 825, 848 (6th Cir. 2001). So do evasive cash transactions and the writing of checks to cash. United States v. Guidry, 199 F.3d 1150, 1158 (10th Cir. 1999); United States v. Gricco, 277 F.3d 339, 360 (3d Cir. 2002).

In the instant case, Gilmartin's offense plainly involved sophisticated means. As the PSR notes, Gilmartin employed his shell company, "Consulting Economist," to receive his income (as a payee listed on his compensation checks) to receive and hide from the IRS his income. In addition, Gilmartin: (i) endorsed his paychecks directly to his credit card company to pay his bills; (ii) signed over his compensation checks to a finance company, Household Finance, which he used to pay his personal bills through a line of credit; (iii) cashed hundreds of thousands of dollars of compensation checks against his bank account, rather than depositing any of those checks, in order to evade IRS collection activities; and (iv) provided an employer with a false social security number. Given the foregoing, the application of a sophisticated means enhancement is warranted. See United States v. Kontny, 238 F.3d 815, 821 (7th Cir. 2001) ("[W]e think 'sophistication' must refer not to the elegance, the 'class,' the 'style' of the defrauder—the degree to which he approximates Cary Grant—but to the presence of efforts at concealment that go beyond (not necessarily far beyond, for it is only a two-level enhancement that is at issue, which in this case added roughly six months to the defendants' sentences) the concealment inherent in tax fraud.").

### B.     The Obstruction of Justice Enhancement

The Guidelines allow for such a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. In

order to impose the enhancement, "a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." United States v. Zagari, 111 F.3d 307, 329 (2d Cir.1997). "A witness testifying under oath or affirmation [commits perjury] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). See also United States v. Stewart, 686 F.3d 156, 174 (2d Cir. 1993). The district court must find each of the elements to be present by a preponderance of the evidence. See United States v. Salim, 549 F.3d 67, 75 (2d Cir. 2008).

The obstruction enhancement is fully warranted based on Gilmartin's blatantly perjurious testimony. That false testimony included the following assertions or statements: (1) that he was not liable for the payment of income taxes (Tr. 540); (2) that the Privacy Act Notice in the tax forms led Gilmartin to conclude he was not obligated to file tax returns (Tr. 555); (3) that even though Section 61 of the Internal Revenue Code defines income as compensation paid in exchange for services, that definition did not apply to the compensation Gilmartin received in exchange for the work he performed for employers (Tr. 641); and (4) Gilmartin's "wages" did not constitute "income" (Tr. 649).

In sum, a "perjury" enhancement is appropriate based on the numerous aspects of Gilmartin's testimony in which he claimed he had concluded that he was not liable for income taxes. That testimony, coming from a man with Gilmartin's education and intelligence, was demonstrably false by any measure.

**CONCLUSION**

Section 3553(a) states that a sentence should "promote respect for the law." Defendant Gilmartin's conduct cries out for a sentence consistent with that critical sentencing goal. Tax protester or "defier" cases such as this one, perhaps more than any other type of federal prosecution, challenge the very rule of law itself. Gilmartin knew what the law was concerning taxes, and he knew that federal investigation and prosecution was a real possibility. Indeed, as Gilmartin specifically acknowledged during his conversation with the undercover IRS agent, he believed it likely that his conduct would result in his incarceration. Nevertheless, he embarked on a course of conduct that outright defied the law.

A sentence within the Guideline range in this case will thus promote respect for the law. David Gilmartin is a defendant who is in particular need of a sentence that will promote respect for the law, since his course of conduct for more than two decades indicates that he lacks respect for the laws by which we all must live.

Dated:  New York, New York
        May 10, 2013

                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney
                            Southern District of New York


                    By:     s/Stanley J. Okula, Jr.
                            STANLEY J. OKULA, JR.
                            Assistant United States Attorney
                            (212) 637-1585
                            stan.okula@usdoj.gov
                            NANETTE L. DAVIS
                            Special Assistant United States Attorney
                            (212) 637-1117
                            nanette.l.davis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non registered participants on the above date.

By:    s/Stanley J. Okula, Jr.
STANLEY J. OKULA, JR.
Assistant United States Attorney
(212) 637-1585
stan.okula@usdoj.gov
NANETTE L. DAVIS
Special Assistant United States Attorney
(212) 637-1117
nanette.l.davis@usdoj.gov