UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        -v-                                    :
                                                   S 12 Cr. 287 (MGC)
DAVID GILMARTIN,                      :

        Defendant.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
## TO THE DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

                                                           PREET BHARARA
                                                           United States Attorney for the Southern
                                                           District of New York
                                                           Attorney for the United States of America

**STANLEY J. OKULA, JR.,**
**NANETTE L. DAVIS,**
**Assistant United States Attorneys**

    – Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v- | : |
| | S 12 Cr. 287 (MGC) |
| DAVID GILMARTIN, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO THE DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

**PRELIMINARY STATEMENT**

The United States respectfully submits this memorandum in opposition to the motion of defendant David Gilmartin (hereinafter "Gilmartin" or "the defendant") seeking bail pending appeal. For the reasons set forth below, the defendant's motion should be denied.

**I.      Governing Legal Principles**

Title 18, United States Code, Section 3143(b) states that a judicial officer "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless there is "clear and convincing evidence that the person is not likely to flee . . . ," and "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in — (i) reversal, [or] (ii) an order for a new trial . . . ." 18 U.S.C. § 3143(b). The provision effectuates Congress's view that "once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). Following a guilty verdict and

sentencing, there is a "presumption in favor of detention." United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).

A "substantial question" is "one more of substance than would be necessary to a finding that it was frivolous. It is a 'close' question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" Id. (quoting United States v. Miller, 753 F.2d at 23). With respect to these issues, "the burden of persuasion rests on the defendant." Id.

## II.     Discussion

Gilmartin has failed to satisfy the second prong of Section 3143(b). Stated simply, the sole evidentiary issue advanced in his motion — the physical exclusion of the tax protester and other legal materials he claimed to have relied on in forming his belief that he was not "liable" for any income tax — which is reviewed for abuse of discretion, is plainly insufficient to warrant bail.

As an initial matter, the premise of Gilmartin's argument — that he was wholly precluded introducing the documents upon which he relied in forming his beliefs — is not entirely correct, as the record makes plain that various letters that Gilmartin received from federal and state tax officials were admitted into evidence. In particular, the Court received in evidence, on the Government's case, a letter sent to Gilmartin by IRS Agent Mark Zipkin, as well as a letter from Veronica Hurd of the New York State Department of Taxation and Finance — both of which Gilmartin claimed to have been important to the formation of his tax filing "beliefs." Thus, Gilmartin was not wholly

2

barred from having the jury consider a subset of the documents upon which he claims to have relied. Moreover, Gilmartin was given wide latitude in testifying about the documents he claimed to have relied on, and managed to read from portions of those documents during his extensive testimony.

In any event, the law is clear that while a defendant is entitled to introduce evidence bearing on his subjective good faith that he was not required to file returns or pay taxes, Cheek v. United States, 498 U.S. 192, 201-06 (1991), federal courts have routinely recognized that allowing defendants to introduce legal materials or anti-tax materials generated by tax protester advocates presents a significant danger of confusing and misleading the jury and also resulting in waste of time, thereby meriting its exclusion under Rule 403 of the Federal Rules of Evidence. Indeed, Gilmartin concedes (Br. at 5-6) that the Second Circuit (like other circuit courts) has recognized the dangers inherent in admitting documentary evidence upon which a defendant has allegedly based his beliefs regarding the tax laws.

In particular, in United States v. Kraeger, 711 F.2d 6, 7-8 (2d Cir. 1983), the Second Circuit upheld the trial court's exclusion of documentary evidence (certain federal court opinions) that the defendant claimed to have relied upon in forming his good-faith beliefs about the tax laws. There, the Second Circuit explained that such evidence "is likely to confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury." Id. at 8. Similarly, in United States v. O'Donnell, 02 Cr. 411 (CM), the defendant — like Gilmartin here — was a tax protester who claimed that he believed in good faith that he was not required to file returns or pay taxes. The Government sought a ruling prior to trial precluding the defendant from offering tax protester materials as physical exhibits during the defense case. Relying on the Fifth Circuit's opinion in United States v. Barnett, 945 F.2d 1296 (5th Cir. 1991) — which

3

held that the need to allow a defendant to establish his good-faith belief through reference to tax law sources and the need to avoid confusing the jury as to the actual state of the law can be "satisfied by excluding the documents themselves but allowing the defendant to testify as to their contents and effect in forming his beliefs" — Judge McMahon observed that the holding in Barnett appeared "quite sensible," explaining:

> [A ruling allowing testimony but excluding protester materials] neither inhibits the defendant from putting on a defense nor floods the jury with material that might well confuse them because it is at variance with the Court's legal instruction. The defendant is free to offer a justification for what might otherwise seem to the average juror as a completely irrational and unfounded belief, but the jurors do not read the documents.

United States v. O'Donnell, slip op. at 7.

Gilmartin nonetheless suggests (Br. at 6) that because the Second Circuit's ruling in Kraeger pre-dated the Supreme Court's Cheek decision, the validity of Kraeger is in doubt. But courts have upheld Kraeger-like exclusions of legal and other protester materials even in the wake of Cheek, relying on the broad discretion possessed by the district court in excluding physical exhibits that have the potential to confuse the jury, while allowing defendants to testify to the contents of the documents to establish the purported bases of their beliefs. See United States v. Payne, 978 F.2d 1177, 1182 (10th Cir. 1992) (observing that "permitting legal materials into the jury room creates the potential for undue jury confusion concerning the governing law"); United States v. Middleton, 241 F.3d 825, 838-40 (6th Cir. 2001) (district court properly excluded numerous documents proffered by defendant, although he was permitted to testify about documents); United States v. O'Donnell, slip op. at 7. The reason for the enduring validity of Kraeger is plain: a defendant is free, as Gilmartin was here, to testify about the basis of his beliefs (no matter how far-fetched), but is not

permitted to confuse or mislead the jury by having the jury read and review those materials. Such a rule does not run afoul of Cheek and therefore does not present an issue that could result in reversal.[1] Given the foregoing authorities, and the ability of Gilmartin to testify about (and have the jury review a subset of) his documents, his claim error based on the exclusion of documents is wholly meritless and therefore does not constitute a "substantial question" on appeal.

Finally, a ruling by this Court upholding the "perjury" enhancement recommended by the Probation Department in the PSR also would not warrant bail pending appeal, as the record is clear that the defendant testified falsely on various matters, including his "conclusion" that he was not "liable" for taxes. See United States v. Hopkins, Nos. 11-2114, 11-2115, 2013 WL 425980 (10th Cir. Feb. 5, 2013) (perjury enhancement appropriate where various "wilfulness" evidence demonstrated that defendant committed perjury when he testified that he had a good faith belief that he was not required to pay federal income tax); United States v. Frase, 496 Fed. Appx. 163, 2012 WL 4014913, at *3 (3d Cir. 2012) (perjury enhancement upheld, observing "Frase's testimony that he did not know that he was liable for taxes was obviously false . . . in light of his extraordinary

---

[1] Contrary to Gilmartin's suggestion (Br. at 6), the Sixth Circuit's decision in United States v. Gaumer, 972 F.2d 723 (1992), does not stand for the proposition that defendants in criminal tax cases are unfailingly permitted to introduce the written materials upon which they claim to have relied. On the contrary, the Gamuer panel made clear that trial courts are *not* required to permit the physical introduction of exhibits comprising hundreds of pages," particularly where excerpts are read to the jury. Id. at 725. The Gaumer panel found error in the exclusion of the physical exhibits there because, unlike here, the district court did not advise the defendant in advance of its decision to exclude the physical exhibits, and thus the defendant was not afforded a timely opportunity to introduce excepts orally. Id.  To the extent Gilmartin relies on the Ninth Circuit's decision in United States v. Powell, 945 F.2d 1206 (1992), the court's discussion of the exclusion of physical evidence was *dictum* because a decision to vacate the defendant's conviction had already been made. Moreover, the Powell court relied on the Seventh Circuit's decision in United States v. Harris, 942 F.2d 1125 (1991), whose analytical approach (based on a Fifth Circuit opinion) has been rejected by the Second Circuit. See United States v. Trupin, 2005 WL 18009, at *2 & n. 3 (2005).

efforts over the years to conceal the funds to which he had access"); United States v. Lusk, 409 Fed. Appx. 624, 2010 WL 3760216, at **4 (4th Cir. 2010) (no error in district court's imposition of perjury enhancement where defendant testified that "he believed in good faith that his actions were lawful"; to find defendant guilty, the jury had to have found the testimony incredible).

### Conclusion

Gilmartin's motion for a stay of surrender or release pending appeal should be denied.

Dated: July 15, 2013
       New York, New York

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney

                           By:    /s/ Stanley J. Okula, Jr.
                                  Stanley J. Okula, Jr.
                                  Nanette L. Davis
                                  Assistant United States Attorneys
                                  Tel: (212) 637-1585/1117

## CERTIFICATE OF SERVICE

Stanley J. Okula, Jr. affirms, under penalty of perjury, that he is employed in the Office of the United States Attorney for the Southern District of New York, and that on July 15, 2013, he caused a copy of the within Memorandum in Opposition to Defendant's Motion for Bail Pending Appeal to be served by this Court's electronic filing system on:

Lowell Becraft, Esq.

Dated: July 15, 2013
       New York, New York

/s/ Stanley J. Okula, Jr.
Stanley J. Okula, Jr.
Assistant United States Attorney