USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

    -against-

DAVID GILMARTIN,

                      Defendant.

------------------------------------------------------------ X

12-CR-287 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

    In July 2013, Defendant David Gilmartin was convicted for engaging in a multi-year tax evasion scheme. *See* Judgment, Dkt. 60. The sentencing court imposed an order of restitution, along with terms of imprisonment and supervised release. *Id.* Defendant now moves for this Court to "clarify" language in his court-ordered schedule of restitution payments. *See* Def.'s Ltrs., Dkts. 75, 76, 83, 84, 85. At the same time, the Government cross-moves to modify the payment schedule pursuant to 18 U.S.C. § 3664(k), due to a material change in Defendant's economic circumstances. *See* Gov. Ltr., Dkt. 81. For the following reasons, Defendant's motion is GRANTED IN PART, and the Government's motion is GRANTED.

## BACKGROUND

    The Court assumes familiarity with the facts of this case. *See United States v. Gilmartin*, 684 F. App'x 8 (2d Cir. 2017). Defendant was a "tax protestor" who claimed that the federal government could not legally obligate him to pay income tax. *See id.* at 10; Gov. Ltr. at 2.[1] After a seven-day trial in early 2013, a jury found Defendant guilty of multiple tax crimes and mail fraud. *See Gilmartin*, 684 F. App'x at 10; Judgment, Dkt. 60.

---

[1] According to Defendant, he is an "IRS protestor," not a "tax protestor." Dkt. 84 at 6. That distinction is immaterial to the issue before the Court.

Prior to Defendant's sentencing, the U.S. Office of Probation prepared a presentence report ("PSR"). Although Defendant was eligible to draw Social Security retirement (he was 69 years old at the time), he was apparently not doing so, as the PSR reported that he had no income and that his assets totaled $85. *See* Gov. Ltr. at 2. The PSR was entirely silent on the Defendant's eligibility for Social Security benefits. *See id.*

The Court sentenced Defendant to a term of imprisonment of four years, a term of supervised release of three years, and a $500 special assessment. *See* Judgment at 1–4.[2] The Court also entered an order of restitution in the amount of $1,672,399.62. *Id.* at 5. The Court's schedule of payments ordered Defendant to pay restitution "in monthly installments of 10% of the defendants [sic] earnings, *after* the defendant is earning money."[3] *Id.* at 6 (emphasis in original).

While Defendant was incarcerated, he had no income other than his family's occasional financial support. *See* Dkt. 75 at 1; Dkt. 84 at 4–5, 8. The prison warden ordered Defendant to pay restitution out of these support payments, but Defendant refused on the ground that the payments did not constitute "earnings" within the meaning of the Court's order. *See* Dkt. 75 at 1–2; Dkt 76 at 4; Dkt. 84 at 8–9. The warden levied administrative sanctions against Defendant for failing to comply (for example, Defendant was not released to a halfway house and his access to email, telephone, and the commissary was revoked); Defendant appealed those sanctions within the Bureau of Prisons. *See* Dkt. 75 at 1; Dkt 76 at 4–5; Dkt. 84 at 8–9.

Once released from prison, sometime in mid-2017, Defendant decided to begin to draw his Social Security retirement benefits. *See* Dkt. 75 at 1; Dkt. 84 at 4. Accordingly, Defendant's

---

[2] The presiding judge at Defendant's trial and sentencing was the late Judge Miriam Goldman Cedarbaum.

[3] The Court's schedule of payments also ordered Defendant to pay the costs of prosecution ($2,532.52) as part of these monthly installments. Judgment at 6.

2

probation officer ordered him to begin paying restitution out of his Social Security income. *See* Dkt. 75 at 1–2; Dkt. 76 at 1. Defendant refused on the ground that Social Security benefits are not "earnings." *See* Dkt. 75 at 1–2; Dkt. 76 at 1.

Defendant then submitted several letters to this Court asking the Court to "clarify[]" that family gifts and Social Security payments do not fall within the term "earnings." *See* Dkts. 75, 76. He argued that he needed the Court's "clarification" both to support his ongoing Bureau of Prisons appeal and to forestall his probation officer from pursuing a violation of supervised release based on his alleged failure to pay restitution. *See* Dkt. 75 at 2; Dkt. 76 at 1–2. Defendant cited a number of statutes and regulations to argue that neither gifts nor Social Security benefits are "earnings" under the federal tax laws. *See* Dkt. 76 at 3–4.

In response, the Government agreed with Defendant that his Social Security benefits do not constitute "earnings" within the meaning of the Court's schedule of restitution payments. *See* Gov. Ltr. at 2–3. Nevertheless, the Government argued that Defendant's decision to begin drawing Social Security retirement benefits after he was released from prison constitutes a "material change in the defendant's economic circumstances," entitling this Court to adjust Defendant's schedule of restitution payments pursuant to 18 U.S.C. § 3664(k).[4] *Id.* at 3. The Government moved this Court to require Defendant to pay restitution through a portion of his Social Security benefits and any other financial resources available to him, regardless of whether

---

[4] 18 U.S.C. § 3664(k) provides in full:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

3

they fall within the term "earnings." *Id.* at 5. Defendant submitted several letters in reply. *See* Dkts. 83, 84, 85.

**DISCUSSION**

**I.    Defendant's Motion to "Clarify" the Order of Restitution Is Granted in Part**

Because the Government concedes that Social Security benefits are not "earnings," the portion of Defendant's motion that relates to that question is granted.

The balance of Defendant's motion, which relates to his receipt of gifts while incarcerated, is denied. Defendant argues that he is presently appealing sanctions that the warden imposed for his failure to pay restitution while incarcerated. *See* Dkt. 76 at 4. In Defendant's view, a ruling from this Court, clarifying that his family's gifts were not subject to restitution, is critical to his appeal. *See* Dkt. 76 at 2; Dkt. 85 at 2–3. But, as Defendant acknowledges, he has not exhausted his administrative remedies as to this appeal, which currently lies in the Bureau of Prisons. *See* Dkt. 84 at 9. Thus, this issue is not properly before this Court, and the portion of Defendant's motion that relates to this question is denied.

**II.   The Government's Motion to Adjust Defendant's Restitution Schedule Is Granted**

**A.    Defendant's Economic Circumstances Have Materially Changed**

Upon "any material change in [a] defendant's economic circumstances that might affect the defendant's ability to pay restitution," a court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *see also United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010); *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). Finding a "material change" requires "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Grant*, 235 F.3d at 100.

Defendant's economic circumstances have clearly changed in light of his election to begin receiving Social Security benefits. At the time of sentencing, Defendant had assets

4

totaling $85 and no income. *See* Gov. Ltr. at 2. Today, Defendant receives over $35,000 in annual Social Security benefits. *See* Dkt. 84 at 3 n.1. By any measure, this change is objective and material. Under these circumstances, § 3664(k) permits the court to adjust, or even accelerate, Defendant's schedule of restitution payments, so that his victims can be promptly and justly compensated.

A straightforward application of the Second Circuit's decision in *Grant* controls this Court's ruling. *See* 235 F.3d at 100. In *Grant*, at the time of the defendant's sentencing, an account containing money belonging to the defendant was "frozen" and, therefore, was unavailable to the defendant. *Id.* at 98, 100. Sometime after sentencing, the account became "unfrozen," and the defendant gained access to the money. *Id.* at 98, 100–01. The Second Circuit held that "[t]he release of the account and the consequent availability of the funds [met] the statutory test for a 'material change'" under § 3664(k). *Id.* at 101. The Court affirmed the district court's modification of the defendant's restitution schedule. *Id.* Here, while Defendant had the *right* to collect Social Security benefits at the time of sentencing, *see* Gov. Ltr., Ex. A, those funds became available to Defendant only once he *elected* to receive them *after* sentencing. In both this case and *Grant*, the change in the availability of funds after sentencing constitutes a "material change" under § 3664(k).

The parties dispute whether Defendant adequately disclosed to the Court his right to future Social Security benefits at the time of his sentencing. *See* Gov. Ltr. at 3–4; Def. Ltr., Dkt. 84, at 7–8. This dispute is immaterial. In *Grant*, the district court "made no factual finding" whether the defendant had or had not failed to disclose the frozen account. 235 F.3d at 100. The Second Circuit held that regardless of the defendant's disclosure *vel non*, the unfreezing of the account constituted an objective "material change in [his] economic circumstances" that

warranted modification. *Id.* at 100–01. Similarly, this Court need not find that Defendant failed to disclose assets in order to modify his restitution schedule under § 3664(k), given the undisputed fact that he now receives over $35,000 per year in income. The objective change in Defendant's income is sufficient.[5]

Defendant argues that there are no changed circumstances because the sentencing judge knew that he was entitled to draw Social Security retirement benefits. *See* Dkt. 84 at 2. While Defendant is no doubt correct that the sentencing judge knew that he was entitled to draw Social Security, the issue is whether she foresaw that he would actually do so. After all, this Defendant views Social Security benefits as "welfare," *id.*, and despite having been eligible to draw 100 percent of his Social Security retirement benefits since age 66, *see* Gov. Ltr., Ex. A, he had failed to do so at the time he was sentenced, even though he had zero income, *see id.* at 2. Given those facts, this Court cannot conclude that the sentencing judge intended to *exclude* Social Security benefits as a source of income from which Defendant must pay restitution if he ultimately decided to draw that benefit. Nevertheless, because the parties agree that Social Security benefits do not constitute "earnings" within a narrow reading of the sentencing judge's schedule of payments, this Court will modify that schedule to (1) include those benefits on a go-forward basis and (2) to accelerate his obligation to pay restitution in an amount equal to the Social Security benefits that the Defendant has "escrowed" since this issue first arose. *See* Dkt. 85 at 2.

As a final matter, nothing in the Social Security Act limits this Court from adjusting Defendant's restitution schedule to account for his benefits. While the Act prohibits the

---

[5] As in *Grant*, the question of whether a court can modify a restitution schedule based on a defendant's concealment of his assets (even if those assets did not materially change post-sentencing in an objective sense) is not presented here. *See Grant*, 235 F.3d at 100 ("[W]e do not reach the issue of whether the subsequent discovery of assets concealed by a defendant would constitute a material change in circumstances.").

attachment or garnishment of Social Security income, *see* 42 U.S.C. § 407, actions to enforce the payment of criminal restitution are exempt from that provision, *see* 18 U.S.C. § 3613(a), (f); *In re Partida*, 862 F.3d 909, 912 (9th Cir. 2017) ("[T]he plain language of the MVRA makes clear that the government can collect restitution, despite any federal laws to the contrary."); *United States v. Lampien*, 1 F. App'x 528, 531–32 (7th Cir. 2001) (court includes Social Security benefits in its calculation of "the income from which [defendant] could make restitution").[6]

### B. The Court's Modification to Defendant's Restitution Schedule

In light of the foregoing, the Court modifies the restitution order contained in Defendant's Judgment as follows:

> The cost of prosecution ($2,532.52) and restitution ($1,672,399.62) is to be collected in monthly installments equal to the amount of 10% of Defendant's earnings, Social Security benefits, and any pension, annuity, gift, inheritance, or other source of income to which he is entitled. If Defendant has not yet paid the $500.00 Special Assessment, he must do so immediately. In addition, Defendant must immediately pay an amount equal to 10% of the monthly Social Security benefits that he has received since he began to draw his Social Security retirement (which the Court understands that he currently has "escrowed").

The Court notes that this modification affects only the schedule of Defendant's restitution payments, not the total amount of restitution due. *See Kyles*, 601 F.3d at 83 (explaining that a schedule of payments is an exercise of equitable discretion, and thus subject to modification, whereas the amount of restitution is an imposed sentence, and thus entitled to finality); *United States v. Zaman*, No. 03-CR-824 (FB), 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015) (same) (citing *Kyles*, 601 F.3d at 83)).

---

[6] To be clear, the Court is not ordering attachment or garnishment. The Court is merely taking into account Defendant's income from Social Security as a means of calculating an appropriate amount for Defendant to pay monthly payments toward his restitution obligation.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to "clarify" the meaning of the word "earnings" in his original Judgment is GRANTED IN PART. The Government's cross-motion to modify Defendant's schedule of payments is GRANTED. The Clerk is respectfully directed to close the open motion at Dkt. 75.

The Clerk is also respectfully directed to mail and email a copy of this order to Defendant and to note mailing on the docket.

**SO ORDERED.**

**Dated: May 1, 2018**
      **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**